UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARISOL BAUTISTA PORTALES,

Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR,

Respondent.

Case No. C26-817-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Marisol Bautista Portales's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #3.

The following facts are taken from the Petition and a declaration of an ICE officer.  *See* Dkts. #3 and #8.  Petitioner, a native and citizen of Mexico, adjusted to a lawful permanent resident status on July 19, 2011.  On August 6, 2025, she was convicted of 3 counts of welfare fraud in a Florida state court and sentenced to 60 months of probation.  ICE agents detained her on October 24, 2025, apparently as she was checking in with her probation officer.  On November 23, 2025, she was served with a Notice to Appear ("NTA"), charging her as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M). Additionally, she was charged under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

On February 10, 2026, an immigration judge ("IJ") found Petitioner removable as charged and ordered Petitioner removed to Mexico.  An appeal to the Board of Immigration Appeals ("BIA") is pending.  She remains detained.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that her continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner requests release or a bond hearing.

Petitioner is properly detained under 8 U.S.C. § 1226(c). Respondents are correct that § 1226(c) mandates Petitioner's detention because she has committed a "crime involving moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

To determine whether there is a due process violation in circumstances such as this, the Court looks to the test outlined in *Martinez v. Clark*, 2019 U.S. Dist. LEXIS 197895, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 196836, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). The *Martinez* court rejected a six-month brightline rule, considering instead:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes that petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

2019 U.S. Dist. LEXIS 197895 at *7, *9. Respondent agrees that the *Martinez* test applies here. *See* Dkt. #6 at 5.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

The Court finds that the total length of detention to date, over 8 months, favors Petitioner. The Court agrees with Respondent that the second factor is neutral as it is unclear how long the BIA appeal will continue. The third factor clearly favors Petitioner as 8 months in detention grossly exceeds 60 days of probation. The Court finds the fourth factor neutral as Petitioner's crime apparently warranted no custodial time whatsoever. The conditions of detention factor is neutral. There is no evidence that either party has deliberately delayed the immigration proceedings. These factors are neutral. The Court agrees with Respondent that the last factor, the likelihood that the removal proceedings will result in a final order of removal, "slightly favors the government because Petitioner did not prevail in immigration court." *See* Dkt. #6 at 7.

The totality of the *Martinez* factors favors Petitioner. Continued detention under these circumstances, without a bond hearing, is disproportionate to the underlying offense that got Petitioner in this situation and violates due process.

Accordingly, having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Respondent has until July 20, 2026, to provide Petitioner notice of a new bond hearing, or, if no such notice is provided by that deadline, Petitioner shall be released no later than July 22, 2026, and not re-detained without adequate notice and a meaningful opportunity to respond. Respondent is to file a status report with the Court no later than July 23, 2026.

DATED this 6th day of July, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3